SUSAN M. CHEHARDY, Judge.
l2This is a community property partition in which the parties dispute amounts owed each of them for separate funds expended either on the other’s separate property or on community assets. The wife appeals the district court’s ruling setting out reimbursement amounts, and the husband answers the appeal. We affirm.

FACTS

Lisa Frosch Bourgeois (hereafter “Lisa”) and Glenn Bourgeois (hereafter “Glenn”) were married in 1989. One child was born of the marriage, a girl, in 1992. On July 23, 2007, Lisa filed a Petition for Divorce under La. Civ.Code art. 102. Since then the parties have vigorously litigated child custody, support, and property issues, although the record on appeal does not contain a judgment of divorce.[1]
In a series of judgments the district court took the following actions: (1) granted reciprocal preliminary injunctions to the parties by stipulation (Consent Judgment, 12/26/08); (2) ruled that the family home is Glenn’s separate property, ^ordered Lisa to vacate the home, and allocated certain household property to Lisa (Judgment, 3/16/08); (3) awarded joint custody of the parties’ child to both parties, placed guardianship and physical custody with the girl’s paternal aunt, and dismissed Lisa’s rule for child support *152 (Consent Judgment, 4/22/08); (4) ordered Glenn to pay Lisa interim spousal support (Judgment, 4/22/08); (5) granted a separation of property and terminated the community regime retroactive to July 23, 2007, the date of filing of the petition for divorce (Consent Judgment, 7/8/08); (6) ordered Glenn to sign over to Lisa checks totaling $13,000.00 from a certain annuity account (Consent Judgment, 8/19/08).
Trial of the community property partition took place on November 3, 2008. The parties stipulated to a number of issues, which were reduced to writing in a judgment (Stipulated Judgment, 12/2/08).
The contested issues were (1) whether Lisa was owed reimbursement for her separate funds used (a) to pay off the mortgage on the family home, which was Glenn’s separate property, and (b) to complete an addition to the family home and to purchase community furniture; (2) whether Glenn was owed reimbursement for (a) community funds used to pay for insurance on Lisa’s separate automobile, (b) one-half of the payoff on the loan for the community shrimp boat, and (c) one-half the payoff and refinance of loans on a Ford truck and a shrimp boat that belonged to the community, made with his separate funds after termination of the marriage.[2]
The court took the case under advisement and rendered judgment several weeks later (Judgment, 1/28/09), as follows:
(a)The court denied Lisa’s claim for reimbursement of her separate funds used to complete an addition to Glenn’s separate property, the former [¿family home. The court determined that Lisa’s funds had been commingled with community funds, and Lisa was unable to prove that all of the funds used to complete the improvement were her separate funds, or that the amount of Glenn’s earnings deposited into the account and used for the improvements was inconsequential.
(b) The court granted Lisa’s claim for reimbursement for using her separate funds to pay off the mortgage on Glenn’s separate property, the family home. However, the court denied the total sought by Lisa ($53,681.09) and granted only the amount of the principal payments ($48,400.000), not the interest.
(c) The court granted Glenn’s claim for reimbursement of $3,606.08, as one-half the amount of community funds used to make insurance payments on Lisa’s Pontiac Grand Am automobile, her separate property.
(d) The court denied Glenn’s claim for reimbursement of one-half the amount of monthly payments he made on a loan for a shrimp boat, a community obligation, after termination of the community.
(e) The court denied Glenn’s claim for reimbursement for one-half the amounts he spent to pay off the loans on his truck and on the shrimp boat after termination of the community.
(f) The court assigned values to specific property items that were allocated to either Glenn or Lisa. The court also designated certain items as belonging to the parties’ child and determined the separate property status of certain other disputed items.
*153 The January 28, 2009 judgment concluded by directing counsel to submit to the court a judgment setting forth the total amount of reimbursement owed by each | r,party and the total amount of the equalization payment required. In obedience to that directive, the parties submitted and on February 6, 2009 the court rendered a judgment decreeing the amounts the parties owe each other to equalize them estates and to set off their reimbursement claims.
In the February 6, 2009 judgment the court ruled that Glenn owes Lisa $16,230.75 to equalize the parties’ estates; that Glenn owes Lisa $48,400.00 in total reimbursement; that Lisa owes Glenn $19,488.71 in total reimbursement; that the reimbursement claims shall be offset against each other and then added to the equalization payment, resulting in Glenn owing Lisa a total sum of $45,142.04.
Lisa has appealed, and Glenn has answered the appeal.[3]
Lisa asserts the trial court erred in the following respects: (1) in not granting Lisa a reimbursement of $53,581.09, the total amount used to pay off the mortgage on Glenn’s separate property, and granting her a reimbursement of only $48,400.00; (2) in denying Lisa a reimbursement of $26,446 for her separate funds used to construct an addition onto Glenn’s separate property and in denying Lisa a reimbursement for the $9,500.00 of her separate funds to purchase $2,688.00 worth of community property, furniture, and $6,812.00 to complete the renovation to Glenn’s separate property.
in' answer to the appeal, Glenn asserts the judgment was legally correct on all matters, except for two issues. He contends the trial court erred (1) by failing to grant Glenn reimbursement for one-half of the $4,326.92 in monthly payments he paid toward the community shrimp boat loan with his separate funds after the termination of the community; (2) by failing to grant Glenn reimbursement for Lone-half of the lump sum payoff/refinance of the community shrimp boat loan ($11,837.68) and the community truck loan ($6,288.00), paid with his separate funds after termination of the community.

LAW AND ANALYSIS

[A] trial court has broad discretion in adjudicating issues raised by divorce and partition of the community regime. The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. A court of appeal may not set aside a trial court’s finding of fact in absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. [Citations omitted.]
Sherrod v. Sherrod, 97-907, pp. 2-3 (La. App. 5 Cir. 3/25/98), 709 So.2d 352, 354, writ denied, 1998-1121 (La.6/5/98), 720 So.2d 687.
“Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may *154 prove that they are separate property.” La.C.C. art. 2340. A spouse may rebut the presumption of community by showing he “acquired the property with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used....” La.C.C. art. 2341.
“If separate property of a spouse has been used to satisfy a community obligation, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.” La.C.C. art. 2365.
“If community property has been used for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled upon termination of the community to one-half of the amount or value that the community property had at the time it was used.” La.C.C. art. 2366.
|7If separate property of a spouse has been used for the acquisition, use, improvement, or benefit of community property, that spouse upon termination of the community is entitled to one-half of the amount or value that the property had at the time it was used. The liability of the spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
La.C.C. art. 2367.
Reimbursement for Lisa’s separate funds used on Glenn’s separate property

Mortgage Pagments

Lisa argues that she is owed the full amount of her separate funds used to pay off the mortgage on the house, which was Glenn’s separate property. It is undisputed that the total payoff amount was $53,681.09, of which $48,400.00 was payment on the principal amount and $5,281.09 was interest. Lisa contends the Code articles on community property do not apply here, because it was her separate funds used on Glenn’s separate property; hence, she asserts, La.C.C. art. 2298, unjust enrichment, is the applicable law:
A person who has been enriched without cause at the expense of another person is bound to compensate that person ....
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.
The trial court acknowledged that this case differs from other cases because Lisa was using her separate funds on Glenn’s separate property, rather than community funds on separate property. The court cited Dillenkoffer v. Dillenkoffer, 492 So.2d 71, 75 (La.App. 5 Cir.1986), writ denied, 494 So.2d 333 (La.1986), in which this Court held that when mortgage payments are made in ^connection with a marital home that constitutes the separate property of one spouse, the community is entitled to reimbursement for principal only: “Payments for interest, taxes, and insurance are generally not considered as reimbursable expenses to the community because the community has had the benefit of using the house as the marital residence.” The court analogized this case to Dillenkoffer, finding that the community received a benefit by using Glenn’s separate home as the family home during Glenn and Lisa’s marriage. The court concluded, “Therefore, Lisa is only entitled to be reimbursed for payments she made on the principal, not the interest.”
*155 We agree with Lisa’s argument that the applicable principle is unjust enrichment, but we find the trial court did not err. Lisa benefited by living in Glenn’s separate home during the marriage. The court was neither clearly wrong nor abused its discretion in determining that the amounts paid for mortgage interest are not reimbursable because Lisa benefited from use of the home.[4]
We find no merit to Lisa’s argument that Glenn is bound by the figure he listed in his original Sworn Detailed Descriptive List of Community Property, $53,681.09, as a judicial admission of the amount due by him to Lisa for mortgage payments. Glenn subsequently provided an Amended Sworn Detailed Descriptive List, which the trial court accepted, in which Glenn listed the amount as $48,400.00.

Payments for Addition to Glenn’s Home and Purchase of Furniture

Lisa contends she is entitled to be reimbursed a total of $35,946.58 in her separate funds used to enhance Glenn’s separate property. Specifically, Lisa ^deposited $26,446.58 in the joint checking account on May 10, 2001, followed by $9,500.00 on September 21, 2001. Glenn thereafter used money from the joint checking account to pay for goods and services to build an addition onto the house. Glenn did not keep records or receipts, but admitted he could not have done the project without Lisa’s money. Lisa testified that $2,688.00 was used to purchase furniture for the home, which furniture ultimately was classified as community property.
The trial court determined that Lisa’s separate funds became commingled with community funds in the parties’ joint checking account, and that Lisa failed to prove that all of the funds used to complete the improvements were her separate funds, or that the amount of Glenn’s community earnings deposited into the account and used for the improvements was inconsequential. The court pointed out the parties were unable to show how much money was withdrawn and used for improvements to the house. In the absence of compelling proof not only that separate funds were available, but also of how the separate funds were used, reimbursement claims between spouses must be denied. Succession of Blythe, 496 So.2d 1180, 1203 (La. App. 5 Cir.1986), writ denied, 498 So.2d 15 (La.1986).
We find no manifest error in the trial court’s determination that Lisa failed to carry her burden of proving the separate nature of the funds used to complete the addition to Glenn’s house.
Reimbursement for Glenn’s separate funds paid on community obligation for shrimp boat
We find no merit to Glenn’s claims on this point. Despite the language of Art. 2365, the trial court relied on Gachez v. Gachez, 451 So.2d 608, 613-614 (La.App. 5 Cir.1984), writ denied, 456 So.2d 166 (La.1984), in which this Court |1f)held that an automobile need not be treated the same way as the family home in determin *156 ing reimbursement for payments of the notes:
Although our jurisprudence has consistently held that rent or credit is not owed when one spouse occupies the family home while making mortgage payments, the situation at hand involving moveable property is distinguishable.
Automobiles tend to depreciate in value over a period of time and the use of the vehicle is directly related to its depreciation.
Equity would dictate that appellant should not have the full use, benefit and enjoyment of the moveable at the expense of the wife, who by the same token enjoyed the use of the vehicle and paid the notes the previous year, prior to returning the automobile to him.
Here the court analogized the used shrimp boat to an automobile, holding that Glenn is not entitled to reimbursement for his payments because he alone used the boat which, like a car, depreciates in value over time because of use.
Glenn’s argument that he used the boat only twice after the community terminated has no merit; there is no showing that Lisa ever used the boat.
Reimbursement for Glenn’s payoff/refinancing of the shrimp boat and truck loan after termination of the community
We find no merit to Glenn’s claims for reimbursement for paying off the loans on the shrimp boat and the truck. Glenn paid off the truck and boat loans and refinanced them two months prior to trial, in order to obtain a lump sum that he knew he would need to pay sums he owed Lisa. In so doing, he was serving himself, not the former community. He failed to show the action was done as prudent management of community obligations, or even to show that the refinancing was at a lower interest rate. Accordingly, we find no manifest error in the trial court’s ruling on this issue.
| ^DECREE
For the foregoing reasons, the judgment is affirmed. The parties are assessed their own costs for this appeal.

AFFIRMED.

. The record shows that Glenn filed a Rule for Article 102 Divorce, to Terminate Interim Spousal Support or, in the Alternative, to Reduce Interim Spousal Support on March 30, 2009, but the record on appeal does not contain a disposition of the rule.

. Lisa was unaware until after the divorce suit was filed that Glenn claimed the home as his separate property because it was purchased in his name one day before the parties' wedding. Her separate funds used during the marriage were derived from a 2001 personal injury lawsuit settlement in her favor.

. Although the Petition for Appeal states the judgment being appealed is that of February 6, 2009, the parties also take issue with some of the rulings in the January 28, 2009 judgment. Since the January 28, 2009 judgment contemplated rendition of the additional judgment setting forth specific amounts owed by the parties, we consider it an interlocutory judgment, so its provisions are properly reviewable on the appeal of tire February 6, 2009 judgment.

. Alternatively, Lisa urges us to decide according to La.C.C. art. 2367.1, which was amended by Act 204 of 2009 to provide for full reimbursement of the separate funds of one spouse used for the acquisition of the other spouse's separate property. Lisa admits the new version of Art. 2367.1 was not effective at the time the judgment here was rendered, but she urges us to be guided by the new version of the article in our ruling because it would entitled her to 100% reimbursement. As Lisa has noted, however, Act 204 of 2009 was not law when this case was decided. We cannot, therefore, apply it. Rather, we must follow the law in effect prior to its enactment.